```
___FILED          ___RECEIVED
___ENTERED        ___SERVED ON
        COUNSEL/PARTIES OF RECORD

           FEB 11, 2021

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____DEPUTY
```

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
LISA C. CARTIER-GIROUX
Assistant United States Attorney
Nevada Bar No. 14040
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
lisa.cartier-giroux@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS JASON WATTS,<br><br>    Defendant. | 2:18-CR-00410-RFB-EJY<br><br>**STIPULATION TO MODIFY THE PLEA AGREEMENT AS TO DENNIS JASON WATTS AND ORDER** |

The United States of America and Dennis Jason Watts, and his counsel, Rebecca Levy, agree as follows:

1. The government and Dennis Jason Watts seek to modify the Plea Agreement (ECF No. 59) only as to the property listed for forfeiture. The Plea Agreement will remain in effect as to all other aspects of the agreement.

2. The defendant knowingly and voluntarily:

   a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

      i. a Smith and Wesson .32 caliber revolver bearing serial number 618100; and

      ii. any and all compatible ammunition

   (all of which constitutes property);

   b. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

   c. Abandons or forfeits the property to the United States;

   d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

   e. Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

   f. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

   g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

   h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

   i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

   j. Waives defendant's right to a jury trial on the forfeiture of the property;

   k. Waives all constitutional, legal, and equitable defenses and claims to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and claims and (2) defenses and

claims under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l. Agrees to the entry of an Order of Forfeiture of the property to the United States;

m. Waives the right to appeal any Order of Forfeiture;

n. Agrees the property is forfeited to the United States;

o. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

p. Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C);

q. Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents facilitating property of illegal conduct and is forfeitable.

r. The defendant admits the property is (1) any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 21 U.S.C. § 841(a)(1); (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 841(a)(1); (3) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and (a)(2), in violation of 21 U.S.C. § 841(a)(1) and any proceeds traceable to such property; or (4) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with

28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c).

3. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

4. The Stipulation contains the entire agreement between the parties.

5. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

6. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

7. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

8. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

9. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: February 10, 2021                DATED: February 10, 2021

                                                    NICHOLAS A. TRUTANICH
                                                  United States Attorney

/s/ Rebecca Levy                        /s/ Lisa Cartier-Giroux
REBECCA LEVY                            LISA C. CARTIER-GIROUX
Assistant Federal Public Defender       Assistant United States Attorney

DATED: February 10, 2021

/s/ Rebecca Levy for Dennis Jason Watts
DENNIS JASON WATTS

                                                  IT IS SO ORDERED:

                                                  RICHARD F. BOULWARE, II
                                                  UNITED STATES DISTRICT JUDGE

                                                  DATED: February 11, 2021